May it please the Court, Richard Pope for the appellants Gass and Donna Kazin and the Popular Assembly of the Sovereign Kazins. This appeal represents several different issues, some of which are extremely important and have not been previously decided by any published opinions in the United States, much less circuit courts. The first issue is the statute of limitations when there's a violation of 15 U.S.C. 1692GB dealing with ceasing debt collection activities after a request for verification until a verification is provided by the debt collector. Our position is that the debt collectors in this case violated the act by not providing debt verification and that the acts that my clients are suing over are the entrustee sale on October 6th of 2000 and the recording of the trustee's deal. The status of your appeal, up in Everett, the Sonoma County Superior Court rejected all these claims as to the validity of the non-judicial sale. What's the stat and you indicate in your brief that you're appealing all that? We're arguing that next door on the 16th of this month, next Tuesday, Your Honor. This does not deal with the validity of the claims that are on that appeal. It simply deals with whether or not the sale would have gone forward. Well, didn't you also challenge the alleged conflict of interest of Bishop Lynch and White in that Sonoma County proceeding? There was a pretrial ruling. Didn't you try to restrain them from proceeding as the trustee in the sale? This was a lawsuit filed after the trustee sale. So I know this one was. I'm talking about in the Sonoma County proceedings. Didn't you attempt to restrain the trustee from on a conflict of interest basis? It was actually an issue of who would be representing the plaintiff's trustee. Well, didn't you claim that there was a conflict? Yes, I did, Your Honor. And you make that same claim in this action. That's a breach of fiduciary duty claim, Your Honor. And it was not a final judgment. It was simply a question of whether who would be the counsel as opposed to the final decision in that case. Now, I just read again your complaint in this case. And you had your Federal Debt Collection Act claim, and I understand your statute of limitations issue. But the other two claims, the State Consumer Protection Act and the unjust enrichment, those are all based upon allegations of what went on in the foreclosure nonjudicial sale of the deed of trust. The unjust enrichment would probably be the fiduciary duty thing. We have also the other two claims would be Consumer Protection Act and conversion under State law. But those are based upon the alleged violation of the Federal Debt Collection Act. That's right. Under the law, they could not have a sale or other collection activity until verification was made. The State law has a longer statute of limitations than the Federal law does. Do you have any authority that says if the Federal Debt Collection Act is precluded by raising the statute of limitations, that you can then go, you can proceed under the Washington Consumer Protection Act saying they violated the Federal Debt Collection Act? And even though we can't proceed there under, we want to go to court on the Consumer Protection Act with the longer statute of limitations. Is there any Washington law, and I haven't found any, that says a violation of the Federal Debt Collection Act can be the basis for a Washington Consumer Protection Act claim? Do you have any authority for that? I think that issue was assumed by both sides on the summary judgment motion that that would be the basis. So we did not brief that at the trial court below or up here. We simply briefed whether it violates the FDCPA. I have a slightly different question, and that is, why is DCBL subject to the Federal statute and the State statute? That is, is it a debt collector at all, or is it a fiduciary exception? It would be a debt collector if you noticed the notices that DCBL gave. They stated on their notices that we are a debt collector, which is a factual assertion and legal admission on their part, especially the foreclosure notice that they gave. The other issue about the fiduciary exception, if it's construed the way DCBL would like it, then it would eliminate practically everybody from the FDCPA. Like attorneys, the U.S. Supreme Court said attorneys are bound by it, but an attorney has a fiduciary obligation to their clients, certainly in Washington, and I assume every other State in the country. And in Washington, at least, even a collection agency that's licensed by the State has a fiduciary obligation, as I see it under the Collection Agency Act. So every debt collector is a fiduciary. I think the issue is whether that's primarily the role of fiduciary or primarily as debt collector. For example, if you had a mortgage servicing company, as opposed to a foreclosure trustee, that the mortgage servicing company routinely serviced the mortgages, whether they were in default or not, the fact that the mortgage servicing company sends letters to people when they're late on their payments and says things that might be distressing to them or whatever, their primary obligation is their fiduciary of servicing the debt. But in DCBL, it's a foreclosure trustee. They did not get involved in this case until after the Cajuns were considerably in default in their mortgage, and their primary purpose in this was to sell the property in order to satisfy the debt or any alternative to elicit money from the Cajuns for the payment of the debt. But can they then be in violation of the Federal Debt Collection Act if all they did was come in after the notices and your claim that there was no proper response or verification? How can DCBL be in violation of the Federal Debt Collection Act? My clients made requests to both DCBL and Premier for a verification, separate requests. DCBL was given a request for verification. How about Bishop, Lynch, and Hoy? We've argued that they're the alter ego of each other, which is an assumption, at least for the purposes of the summary judgment motion, that was not challenged in any way. There's a – there would have been a lot of evidence that would have been presented on that had there been any challenges about that, but they – for the purposes of summary judgment, that was conceded. And can I reserve the remainder of my time? Sure. If you have time, you can use it exactly as you wish. Thank you, Your Honor. Thank you for your argument. We'll hear from the other side at this time. Is this Mr. Dryling? Mr. King, Your Honor. Okay. Mr. King? You know, one of the decisions you have to make in an appeal is whether your opponent whether your brief response to all of the arguments made and whether you want to argue at all. But it's your choice. The short answer, Your Honor, is that Mr. Dryling is going to let me take first crack across the board on behalf of all the appellees. And if I have any time left over, he might have a couple of points he would want to make that would be specific to Premier. I am, for the record, Michael King from Lane Pellisbury. Ms. Jackson is with me at council table, along with Mr. Dryling, who represents Premier. I'm here on behalf of Bishop Lynch, and I'm also standing in for Mr. Sirianni on behalf of DCBL. I'm going to turn, in light of the Court's questions, directly to the principal issue of race judicata. But I want to pause for a moment and address a couple of the questions on a couple of the other claims that were raised by the Court. First, regarding the question of the derivative nature of the State Unfair Practices Act claim. I think, in fact, that question has been answered by the Resnick decision, which is cited in our brief. If the Federal Fair Debt Collection Practices Act claim fails, so to ---- If it fails for statute of limitations purposes, as opposed to under merits, that's sort of strange. In other words, if you could sue, if the statute of limitations on the State claim is longer, if it's otherwise a substantively viable claim, does it fail? I don't think it is an otherwise substantively viable claim. I understand that, but that's not the question I'm asking you. If it's an otherwise, if it's an independent claim, then the substantial ---- And it's the same claim, but the limitations periods are different. So what is being barred for limitations reasons? Let's assume that if it were not barred for limitations purposes, it would be a valid claim. So does the State one then fail, even though the limitations period is longer? Well, it is my understanding that the State claim is the violation of the ---- Let's assume they violated it, but there was a limitations period. I mean, a limitations period doesn't prove you didn't violate it. You just didn't sue that. But it would be incongruous for the State claim to be allowed to proceed when the Federal policy is that if you don't sue within a year ---- I don't know if the State policy could be, you know, we like the substance, but we think people should have longer to sue. Is there any law on this? No. There is this Court's decision. I believe it's this Court's decision in Resnick v. Dunn and Bradstreet. It was this problem? Your Honor, the discussion in the opinion is not that elaborate. It is fairly summary. But I think the holding is fairly on point. The second question I wanted to address is actually Your Honor's question about the source of the obligation, and Judge Quackenbush followed up, that DCVL or Premier for that matter, and we'll treat Bishop Lynch and DCVL as equivalent for purposes of this question, what obligation do they owe under the Federal Fair Debt Collection Practice Act? And the answer is they aren't liable, even though they may have gotten these demand letters, because they are engaged as fiduciaries in the process of a nontraditional foreclosure. The Fair Debt Collection Practices Act claim, in terms of debt collection, would run against their principle, but would not run against them. Now, I want to emphasize, this Court doesn't have to get into any of these questions. You don't have to deal with any of what counsel described as these novel issues under the Fair Debt Collection Practices Act. The Court doesn't have to grapple with drawing the distinction that Judge Berzon's questions have raised that the Resnick panel didn't directly address. And that's because this entire case should be disposed of on race-judicotic grounds. And I think that's what Judge Quackenbush's questions were driving at in the first instance. Didn't you challenge the alleged conflict of interest? Yes, they did. In fact, all of the claims that are before you now were raised for the underlying facts. This case was against the principles, not against GCBL and Bishop, whatever, right? Correct. So ordinarily, they wouldn't be race-judicata, because the parties were different. Is that right? No, not ordinarily. The question is whether they are same as the Washington law of race-judicata defines them. And we submit that under the Washington law, and indeed under Federal law, they are in privity or they are deemed the same. And the case I'd refer the Court to. They aren't the same. You just told me that you could sue the principles but not the fiduciaries under the Fair Credit Statute. Your Honor, I was using in race-judicata terms the phrase the same parties as a term of art, because the test under Washington law speaks of the same parties. But the substance of the inquiry is one of identity or substantive sameness. Privity is a term that is often used. That's somewhat patronizing, actually. I was making a somewhat more sophisticated point, which is that the causes of action here ran against some people, not against others. In this particular one, the fiduciary duty claim that's in this case now couldn't have run against the principles in the other case, because they were principles and they didn't have fiduciary responsibility. In other words, if it had been raised in the State court, we would have prevailed in the State court, because it was substantively different, because the party who was in the case was not the party who was the fiduciary. So if you have anything here, it's because of the conflict challenge to the lawyers who were not parties, but there was a conflict challenge. Can we at least get that far? No, Your Honor. I have to disagree with what I'm trying to understand. I believe what I understand is the premise of your question. The fact that there is no claim under the Fair Debt Collection Practices Act because DCBL or Premier are not engaged in debt collection does not mean that we don't have claims that could have been raised against DCBL and Premier in the State action simply by joining them as parties.  And you're trying to tell me that they were in privity with the parties, and they may have been in privity with the parties for certain purposes, but they weren't in privity with the parties for purposes of the Fair Debt Collection Act purpose, because they are distinct for that purpose. And they presumably couldn't have been in privity either for purposes of a fiduciary claim, because the other people weren't fiduciary. Your Honor, my point is simply this. The proposition that the claim was legally deficient because we weren't debt collectors, my clients weren't debt collectors, was a proposition that should have been raised in the first instance and could have been raised in the first instance in the State action. By joining parties who weren't parties to the State action. That is correct. And you think there was an obligation to do that? When you talk about privity in a ratioed kind of sense, it's ordinarily because the interests of party A and party B are the same in whatever the matter is. I can't – it seems very difficult for them to be the same if the issue would come out differently depending who the party was. Your Honor, I would refer the Court to the Coleman v. Thomas case, which is discussed in our brief. And there, Division I of the Washington Court of Appeals explains that when you've got parties who have engaged in serial litigation when they have the opportunity to raise all their claims in the State court action, and the parties that are now being sued in the second case share a principal-agent relationship as a matter of Washington race judicata law, that is deemed to be a sufficient identity of parties, sameness of parties, privity, such that the parties in the second action who get sued are entitled to the benefits of race judicata. And that is the Washington law on the question. Coleman was simply a development of the Raines case. And under Washington race judicata law, if you had a reasonable opportunity to join a party and they have a sufficient relationship with the actual defendant, and the Coleman court actually cites a Fifth Circuit decision, I think, that talks about relationships of either employee-employer or principal-agent, then you're bound to bring them in. Yes, Your Honor. Did you want to say anything? I do. I've got 45 seconds left, and if I could yield the floor to Mr. Dryling, I will. Stop the clock. Thank you. Thank you for your argument. Mr. Dryling? Thank you, Judge Hawkins. Thank you very much. Tom Dryling. I represent Premier Mortgage, and I'll try not to use all my 45 seconds. The Premier's situation is a little different than DCVL. We sent one letter, and then we were replaced. And all of the mischief ---- The case against you is time-borrowing, Mr. Dryling. Pardon me? The case against you is time-borrowing, and I don't think it's appropriate. You're right. Thank you very much, Your Honor. We can go home and say you made a great argument. Thank you very much. Thank you very much. Rebuttal? Your Honors, basically the issues of there's collateral estoppel and res judicata arguments. At most, collateral estoppel might apply to part of the fiduciary duty on the conflict of interest if the Court finds that that applies. The issue of res judicata, the matter had been briefed before the district court, and pages 7 through 12 of the plaintiff's summary judgment response. What about collateral estoppel? The party ---- your clients were parties. The State court found that the foreclosure sale was proper. If the foreclosure sale was proper, could there be any breach of fiduciary duty? If collateral estoppel applies on those grounds, that might bar that claim. It would be for the Court to decide. Okay. So why doesn't it? Because I don't think that the conflict of interest is actually decided in the final decision on the merits. It was simply ---- Forget the conflict of interest. What was decided was that the foreclosure sale was proper. So why isn't that sufficient? The State court found that the security interest bounds the property, even though the procedure of imposing it was unusual about it not being actually signed by the people who owned it. But that has nothing to do with whether or not the sale should have gone forward under the FDCPA, because whether or not the security interest is valid in a foreclosure sale would otherwise be valid if the debt collection activity must cease until verification must be provided. It doesn't matter whether the ---- how meritorious the claim for debt collection is. It has to cease. And having a sale under debt collection ---- What about with respect to the other questions, the State law questions? With respect to fiduciary duty, it could very well be determined by the State law questions, Your Honor, on fiduciary duty by the State court decision. It could be, is what you're saying. It's a debatable point. I've argued that it isn't. And they've argued that it is. All right. But we need to make a decision. Is it foreclosed by the State court decision? I don't think so, because we have different, you know, parties in this litigation and a different type of ---- because we're not ---- Yes, but if the sale is proper, how could there have been a breach of fiduciary duty? What did they do wrong? If they had a ---- they may be ---- whether or not they had a conflict, they still had to create an injury. What was the injury? If what they did was promote a valid sale. It would be selling the property with an unclear title. Even the trustee sale guarantee did not guarantee title to the property to the purchaser. So somebody buying would not have gotten a clear title. So, therefore, the sale price would be presumably lower. They should have cleared the title before having sale, knowing that the ---- it could not be insured, as the record indicates. Okay. Thank you for your argument. Thank both sides for the argument. The case just argued will be submitted for decision.
judges: Hawkins, Berzon, Quackenbush